**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RATIO CHRISTI OF KENNESAW
STATE UNIVERSITY and ZACHARY
BOHANNON,

Plaintiffs,

v.

SAMUEL S. OLENS, Former President
of Kennesaw State University, in his
individual capacity; *et al.*,

Defendants.

Case No. 1:18-cv-745-MLB

## ANSWER AND DEFENSES

Defendants, through counsel, submit this Answer and Defenses to Plaintiffs'

Complaint (Doc. 1), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Eleventh

Amendment and the doctrine of sovereign immunity.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that an individual defendant sued in his or her official capacity is not a "person" subject to suit under 42 U.S.C. § 1983.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

## FIFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Defendants have not denied them any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## SIXTH DEFENSE

Plaintiffs are not entitled to the monetary or equitable relief they seek because they have not suffered a violation of a Federal right.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiffs' claims or contentions are more particularly identified in this case.

## **RESPONSES**

Answering the specific enumerated allegations of the Complaint, Defendants state as follows:

## INTRODUCTION

1.      Defendants deny that officials at Kennesaw State University (KSU) "seek to silence or restrict those who express ideas to which they object, using a myriad of different university policies to effectuate this censorship." The remainder of this paragraph consists of opinions and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and deny that they violated any of Plaintiffs' rights under the Constitution or laws of the United States.

2.      Defendants admit that Ratio Christi of KSU submitted requests to reserve, and did reserve, Campus Green space at KSU in 2016 and 2017 for expressive activities. Defendants admit further that numerous student organizations reserve and use Campus Green space at KSU for expressive activities. Defendants are without knowledge or information sufficient to form a belief as to the truth of

allegations regarding the subjective intentions of Ratio Christi in making such reservations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph.

3.      Defendants admit that KSU's Registered Student Organization (RSO) Manual 2017-2018 provides that only entities affiliated with KSU, including RSOs and KSU employees, can reserve space on campus via KSU's reservation system, referred to as the Virtual Event Management System, or VEMS. Defendants admit further that provisions pertaining to space reservation requests contain different deadlines for submission, depending on the scope of event the RSO intends to hold. Defendants deny the remaining allegations in this paragraph, including any allegation that they violated any of Plaintiffs' rights under the Constitution or laws of the United States.

4.      Defendants deny the allegations in this paragraph.

5.      The allegations in this paragraph purport to state the legal basis for Plaintiffs' claims and do not require a response. To the extent that a response is required, Defendants deny the allegations.

4

JURISDICTION AND VENUE

6.    The allegations in this paragraph purport to state the legal basis for Plaintiffs' claims and do not require a response. To the extent that a response is required, Defendants deny the allegations.

7.    Defendants admit the allegations in this paragraph.

8.    The allegations in this paragraph purport to state the legal basis for Plaintiffs' claims and do not require a response. To the extent a response is required, Defendants deny the allegations.

9.    Defendants admit the allegations in this paragraph.

PLAINTIFFS

10.    Defendants admit, based on information and belief, that Plaintiff Zachary Bohannon was enrolled as a full-time student at Kennesaw State University ("KSU") as of the filing of the complaint. Defendants deny any remaining allegations in this paragraph.

11.    Defendants admit, based on information and belief, that Plaintiff Zachary Bohannon transferred to KSU in the fall of 2016 and remained a student at KSU up to the time of the filing of the complaint. Defendants deny any remaining allegations in this paragraph.

5

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

14.     Defendants admit the allegation in this paragraph.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

21.     The allegations in this paragraph amount to legal conclusions and thus do not require a response. To the extent that a response is required, Defendants deny the allegations.

22.     This allegation purports to state the legal capacity in which Plaintiff Ratio Christi brings this lawsuit and does not require a response. To the extent that a response is required, Defendants deny the allegation.

### DEFENDANTS

23.     Defendants admit that defendant Samuel Olens was President of KSU from on or about November 1, 2016, to on or about February 14, 2018. Defendants deny any remaining allegations in this paragraph.

24.     Defendants deny the allegations in this paragraph as written. Defendants respond further that Ken Harmon held the position of Interim President

of KSU at the time the complaint in this action was filed but no longer holds such position.

25.    Defendants admit the allegation in this paragraph.

26.    Defendants admit that, when serving as president of KSU, defendant Olens had responsibilities and authority consistent with such position, including some executive and administrative authority, and, when serving as interim president of KSU, defendant Harmon had responsibilities and authority consistent with such position, including some executive and administrative authority. Defendants deny any remaining allegations in this paragraph.

27.    Defendants deny the allegations in this paragraph as written. Defendants respond further that, when serving as president of KSU, defendant Olens was responsible for fulfilling the duties of such position and, when serving as interim president of KSU, defendant Harmon was responsible for fulfilling the duties of such position.

28.    Defendants admit that, when serving as president of KSU, defendant Olens' duties included general oversight of the operation and management of KSU and, as when serving as interim president of KSU, defendant Harmon's duties included general oversight of the operation and management of KSU. Defendants deny any remaining allegations in this paragraph.

29.     Defendants admit that, when defendant Olens served as president of KSU, he had authority to oversee defendant Milsteen and defendant White. Defendants admit further that, when serving as interim president of KSU, defendant Harmon had authority to oversee defendant White. Defendants deny any remaining allegations in this paragraph.

30.     Defendants admit that, while president of KSU, defendant Olens had some authority over policies concerning students at KSU and that, when serving as interim president, defendant Harmon had some such authority. Defendants deny any remaining allegations in this paragraph.

31.     Defendants admit that, while president of KSU, defendant Olens had some authority over policies concerning student expression on campus and that, when serving as interim president, defendant Harmon had some such authority. Defendants deny any remaining allegations in this paragraph.

32.     Defendants deny the allegations in this paragraph.

33.     Defendants admit that, while president of KSU, defendant Olens had responsibilities and duties consistent with such office, including authority to review, approve, or reject some decisions of KSU officials. Defendants admit further that, while interim president of KSU, defendant Harmon had responsibilities and duties consistent with such office, including authority to

review, approve, or reject some decisions of KSU officials. Defendants deny the remaining allegations in this paragraph.

34.     Defendants deny the allegations in this paragraph.

35.     Defendants deny the allegations in this paragraph.

36.     Defendants admit that defendant Milsteen was Chief Legal Affairs Officer at KSU at times relevant to this complaint. Defendants deny the remaining allegations in this paragraph.

37.     Defendants deny the allegations in this paragraph.

38.     Defendants deny the allegations in this paragraph.

39.     Defendants deny the allegations in this paragraph.

40.     Defendants admit that defendant Kathleen White is Vice President for Student Affairs at KSU and has held that position since on or about July 1, 2015. Defendants deny any remaining allegations in this paragraph.

41.     Defendants admit that defendants Sanseviro, Lunk, Bonza, Harvill, Clark, Millwood, Malone, and Patti hold or held positions with KSU's Division of Student Affairs and that defendant White is Vice President for Student Affairs at KSU. Defendants deny any remaining allegations in this paragraph.

42.     Defendants deny the allegations in this paragraph.

43.     Defendants deny the allegations in this paragraph.

44.     Defendants admit that defendant Michael Sanseviro is Associate Vice President and Dean of Students and Dean of Student Success and that he held such position at times relevant to the Complaint. Defendants deny any remaining allegations in this paragraph.

45.     Defendants admit that defendant Sanseviro is Associate Vice President and Dean of Students and Dean of Student Success, that defendant Lunk holds the position of Assistant Dean of Students for Student Life, and that reservation requests are generally handled by employees within the Department of Student Life. Defendants deny any remaining allegations of this paragraph.

46.     Defendants admit that defendant Michael Sanseviro is Associate Vice President and Dean of Students and Dean of Student Success and has responsibilities and duties consistent with such office. Defendants deny any remaining allegations in this paragraph.

47.     Defendants deny the allegations in this paragraph.

48.     Defendants deny the allegations in this paragraph.

49.     Defendants admit that defendant Lunk is Assistant Dean of Students for Student Life at KSU and has held such position since approximately November 2015. Defendants deny any remaining allegations in this paragraph.

50.     Defendants deny the allegations in this paragraph.

51.     Defendants deny the allegations in this paragraph.

52.     Defendants admit that defendant Lunk is Assistant Dean of Students for Student Life at KSU and has responsibilities and duties consistent with such position. Defendants admit further that the Department of Student Life is comprised of several departments, including the Department of Student Activities, that defendant Harvill holds a position in the Department of Student Activities, and that defendant Bonza previously held a position within the Department of Student Activities. Defendants deny any remaining allegations in this paragraph.

53.     Defendants admit that defendant Ed Bonza held the position of Director of Student Activities at KSU until on or about March 30, 2018. Defendants deny any remaining allegations in this paragraph.

54.     Defendants admit that defendant Bonza previously held the position of Director of Student Activities at KSU. Defendants deny the remaining allegations in this paragraph.

55.     Defendants admit that defendant Bonza previously held the position of Director of Student Activities at KSU and, during his tenure, had responsibilities and duties consistent with such position. Defendants deny the remaining allegations in this paragraph.

56.     Defendants admit that defendant Andrew Harvill, Jr. is Associate Director of Student Activities at KSU and held such position at times relevant to this complaint.

57.     Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants admit that Jordyn Clark is Coordinator for Student Organizations at KSU and held such position at times relevant to the complaint. Defendants deny any remaining allegations in this paragraph.

61.     Defendants deny the allegations in this paragraph.

62.     Defendants admit that Tifaney Millwood is Coordinator of Student Activities and held such position at times relevant to the complaint. Defendants deny any remaining allegations in this paragraph.

63.     Defendants deny the allegations in this paragraph.

64.     Defendants deny the allegations in this paragraph.

65.     Defendants deny the allegations in this paragraph.

66.     Defendants admit that defendant Rachel Patti is an Event Specialist at KSU and held such position at times relevant to the complaint. Defendants deny any remaining allegations in this paragraph.

67.     Defendants admit that defendant Janice Malone is a Manager of Student Center Operations at KSU, that she held such position at times relevant to the complaint, and that, during such time, she handled some event reservation requests. Defendants deny any remaining allegations in this paragraph.

68.     Defendants deny the allegations in this paragraph.

69.     Defendants deny the allegations in this paragraph.

70.     Defendants deny the allegations in this paragraph.

71.     Defendants deny the allegations in this paragraph.

72.     Defendants deny the allegations in this paragraph.

73.     The allegations in this paragraph purport to set forth the legal capacity in which Plaintiffs bring their claims and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations.

74.     The allegations in this paragraph purport to set forth the legal capacity in which Plaintiffs bring their claims and, therefore, no response to required. To the extent a response is required, Defendants deny the allegations.

75.     The allegations in this paragraph purport to set forth the legal capacity in which Plaintiffs bring their claims and, therefore, no response to required. To the extent a response is required, Defendants deny the allegations.

FACTUAL BACKGROUND

76.     Defendants admit the allegations in this paragraph.

77.     Defendants admit that KSU's main campus has some publicly-accessible buildings and outdoor areas, including streets, sidewalks, and grassy areas. Defendants admit further that the documents attached as Exhibit 1 to Plaintiffs' complaint appear to be copies of maps of KSU's main campus. The remaining allegations in this paragraph constitute legal conclusions and/or opinions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph and deny that they violated any of Plaintiffs' rights under the Constitution or laws of the United States.

78.     Defendants admit that KSU's Kennesaw campus is over 320 acres in size and that the document attached as Exhibit 2 to Plaintiffs' complaint appears to be a copy of a Google Maps satellite image of KSU's main campus. To the extent the remaining allegations in this paragraph seek to characterize that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the document and deny any remaining allegations in this paragraph.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and, therefore, deny the same.

15

80.     Defendants admit that some of the policies identified in this paragraph pertain to expressive activities of students on campus. The remaining allegations in this paragraph purport to describe the manner in which Plaintiffs present their allegations in the Complaint and, therefore, do not require a response. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

81.     The allegations in this paragraph amount to legal conclusions that do not require a response. To the extent that a response is required, Defendants deny the allegations.

82.     Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018," that such manual contains a section entitled "General RSO Policies and Guidelines," and that Section VI of the "General RSO Policies and Guidelines" sets forth policies and procedures pertaining to the reservation of space on campus. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

83.     Defendants admit that individual KSU students who are not affiliated with an RSO cannot reserve campus space for hosting events. Defendants deny any remaining allegations in this paragraph.

84.     Defendants admit that the document attached as Exhibit 4 to the Complaint appears to be a copy of KSU's "Event Request FAQ." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

85.     Defendants admit that at least 5 currently enrolled KSU students are needed to create a new RSO. Defendants admit further that individual KSU students who are not affiliated with an RSO cannot reserve campus space for events. Defendants deny the remaining allegations in this paragraph.

86.     Defendants admit that at least 5 currently enrolled KSU students are needed to create a new RSO and that KSU's Registered Student Organization Manual 2017-2018 sets forth additional requirements for the formation of a new RSO. Defendants admit further that individual KSU students who are not affiliated with an RSO cannot reserve campus space for events. Defendants deny any remaining allegations in this paragraph.

87.     Defendants admit the allegations in this paragraph.

88.     Defendants admit that various deadlines apply to reservation requests submitted via the Virtual Event Management System, or VEMS. Defendants deny any remaining allegations in this paragraph.

89.     Defendants admit that the document attached as Exhibit 4 to the Complaint appears to be a copy of KSU's "Event Request FAQ." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

90.     Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

91.     Defendants admit that a Frequently Asked Questions section of KSU's "Registered Student Organization Manual 2017-2018" indicates that it is unlikely a large event can be held by an RSO with only one day's notice and

explains that "[m]ost events, unless they are simple meetings[,] require as much as two weeks to be approved and have access and other details worked out" but that "[s]imple meetings where the layout of the existing furniture in a space does not need to be changes may be scheduled up to 5 business days prior to the meeting." Defendants deny any remaining allegations in this paragraph.

92.    Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

93.    Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

94.    Defendants admit that the document attached as Exhibit 4 to the Complaint appears to be a copy of a KSU "Event Request FAQ" and that it

includes the statement that event space request for large events should be submitted at least 30 days prior to the event. Defendants deny any remaining allegation in this paragraph.

95.     Defendants admit that the document attached as Exhibit 4 to the Complaint appears to be a copy of a KSU "Event Request FAQ." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

96.     Defendants admit that the document attached as Exhibit 5 to the Complaint appears to be a copy of a KSU Office of University Events' "General Information" page regarding reservations. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

97.     The allegation in this paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegation.

98.     Defendants admit that there are areas on and around the Campus Green of KSU's Kennesaw Campus which may be reserved by RSOs for outdoor expressive activities. The remaining allegations in this paragraph constitute opinions and/or legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

99.     Defendants admit that the Campus Green on KSU's Kennesaw Campus is adjacent to the Siegel Student Recreation & Activities Center and the Carmichael Student Center.  The remaining allegations in this paragraph constitute opinions and/or legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

100.    Defendants admit that the area around the Campus Green on KSU's Kennesaw Campus is divided into seven zones which RSOs may request to reserve for expressive activities and that off-campus speakers may request to reserve only Zone 3/4 for expressive activities. Defendants admit that the document attached as Exhibit 6 to Plaintiffs' complaint appears to be a copy of a Campus Green Map depicting such zones. To the extent the remaining allegations in this paragraph attempt to characterize portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the document and deny any remaining allegations in this paragraph.

101.   Defendants admit that Campus Green Zone 2 is described on the Campus Green Map as "the grassy area between the Campus Green and the Student Center" and that it includes a paved area. The remaining allegations in this paragraph constitute opinions and/or legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

102.   Defendants admit that Campus Green Zone 2 is located in the proximity of entrances to the Carmichael Student Center and University stores and that there are generally no permanent physical barriers between Zone 2 and the adjoining sidewalks. To the extent the remaining allegations in this paragraph constitute opinions and/or legal conclusions, they do not require a response and, to the extent a response is required, the allegations are denied. To the extent the remaining allegations in this paragraph purport to describe or characterize photographs or pictures attached to Plaintiffs' complaint, Defendants respond that the documents speak for themselves. Defendants deny any remaining allegations in this paragraph.

103.   The allegations in this paragraph constitute opinions and/or legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

104.    The allegations in this paragraph constitute opinions and/or legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

105.    Defendants admit that Campus Green Zones 3 and 4 are located on the northern side of the Campus Green and are described on the Campus Green Map as "the Grill Area near the Green" and "the area between the Grills and the Burruss Building," respectively. Defendants deny any remaining allegations in this paragraph.

106.    To the extent the allegations in this paragraph purport to describe or characterize photographs or pictures attached to Plaintiffs' complaint, Defendants respond that the photographs or pictures speak for themselves. Defendants deny any remaining allegations in this paragraph.

107.    Defendants admit that Zone 3/4 is the only area that may be reserved by off-campus speakers for expressive activities. Defendants admit, based on information and belief, that Zone 3/4 has been referred to by some as a "free speech" area. Defendants deny any remaining allegations in this paragraph.

108.    Defendants admit that Campus Green Zone 3/4 comprises a small portion of the KSU campus as a whole. Defendants are without knowledge or

23

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

109.    Defendants admit the allegations in this paragraph.

110.    Defendants admit the allegations in this paragraph.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and, therefore, deny the same.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and, therefore, deny the same.

113.    Defendants deny the allegations in this paragraph.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

115.    Defendants admit that circumstances exist under which a campus space reservation request will not be confirmed for the particular zone requested by the RSO.  Defendants deny any remaining allegations in this paragraph.

116.    The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

117.    Defendants deny the allegations in this paragraph.

118.   Defendants deny the allegations in this paragraph.

119.   Defendants deny the allegations in this paragraph.

120.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

121.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018" and the document attached as Exhibit 4 to the Complaint appears to be a copy of a KSU "Event Request FAQ." To the extent the remaining allegations in this paragraph paraphrase or quote portions of those documents, Defendants respond that the documents speak for themselves. Defendants deny any allegation that is inconsistent with the written documents and deny any remaining allegations in this paragraph.

122.   Defendants admit that the document attached as Exhibit 4 to the Complaint appears to be a copy of a KSU "Event Request FAQ." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that

document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

123.   The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

124.   Defendants admit that RSOs which submit an event space reservation request through the KSU reservation portal will generally not receive a confirmation email until the request is processed and confirmed by a KSU employee. Defendants deny any remaining allegations in this paragraph.

125.   The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

126.   Defendants admit that KSU guidelines do not contain one deadline by which school officials must approve or deny an event space request. Defendants respond further that KSU guidelines on the amount of time an entity requesting to reserve event space should permit for processing of its event space request. Defendants deny any remaining allegations in this paragraph.

127.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

128.   Defendants admit that the document attached as Exhibit 5 to the Complaint appears to be a copy of an Office of University Events' "General Information" page regarding reservations. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

129.   Defendants admit that the language quoted in paragraphs 127 and 128 of the Complaint does not contain a deadline by which KSU officials must respond to an event space reservation request. To the extent Plaintiffs' reference in this paragraph to "these policies" is not limited to those referenced in paragraphs 127 and 128 of the complaint, Defendants lack sufficient information to admit or deny the allegation and, therefore, deny the same.

130.   Defendants admit that an RSO may be charged for certain security costs actually incurred at an event sponsored or held by the RSO at KSU. Defendants deny any remaining allegations in this paragraph.

131.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

132.   The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

133.   The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

134.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the

document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

135.   The allegation in this paragraph amounts to a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegation.

136.   Defendants admit that RSOs and individuals who are found to have violated KSU policies may be subject to sanctions. Defendants deny any remaining allegations in this paragraph.

137.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

138.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the

document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

139.   Defendants admit that the document attached as Exhibit 3 to the Complaint appears to be a copy of KSU's "Registered Student Organization Manual 2017-2018." To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

140.   Defendants admit that Exhibit 10 to the Complaint appears to be a copy of a letter from Rory Gray of the Alliance Defending Freedom, dated June 3, 2013, and addressed to Dr. Daniel S. Papp and Dr. Flora B. Devine in KSU's Office of Legal Affairs. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

141.   Defendants admit that Exhibit 10 to the Complaint appears to be a copy of a letter from Rory Gray of the Alliance Defending Freedom, dated June 3, 2013, and addressed to Dr. Daniel S. Papp and Dr. Flora B. Devine in KSU's Office of Legal Affairs. To the extent the remaining allegations in this paragraph

paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

142.   Defendants admit that Exhibit 10 to the Complaint appears to be a copy of a letter from Rory Gray of the Alliance Defending Freedom, dated June 3, 2013, and addressed to Dr. Daniel S. Papp and Dr. Flora B. Devine of KSU's Office of Legal Affairs. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

143.   Defendants admit that Exhibit 11 to the Complaint appears to be a copy of a letter from Flora B. Devine of KSU's Division of Legal Affairs to Rory Gray of the Alliance Defending Freedom, dated June 25, 2013. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

144.   Defendants admit that Exhibit 12 to the Complaint appears to be a copy of a letter from J. Matthew Sharp of the Alliance Defending Freedom, dated

June 18, 2014, and addressed to "Kimberly Ballard-Washington, Assistant Vice Chancellor for Legal Affairs, University System of Georgia."  To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

146.   Defendants deny the allegations in this paragraph.

147.   Defendants deny the allegations in this paragraph.

148.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

149.   Defendants admit that Exhibit 13 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about October 20, 2015. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself.

32

Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

150.  Defendants admit that documents attached to Plaintiffs' Complaint appear to indicate that Ratio Christi reserved an area on KSU's campus for an event to be held on October 27, 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, therefore, deny the same.

151.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

152.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

153.  Defendants deny the allegations in this paragraph.

154.  Defendants admit that Exhibit 14 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about February 3, 2016. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself.

Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

155.   Defendants admit that Exhibit 14 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about February 3, 2016. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document. To the extent the allegations in this paragraph concern Ratio Christi's subjective intentions, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

156.   Defendants admit that Exhibit 14 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about February 3, 2016. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document. To the extent the allegations in this paragraph concern Ratio Christi's subjective intentions or

desires, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

157.   The allegations in this paragraph concern Ratio Christi's subjective intentions or desires, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

158.   The allegations in this paragraph concern Ratio Christi's subjective intentions or desires, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

159.   The allegations in this paragraph concern Ratio Christi's subjective intentions or desires, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

160.   The allegations in this paragraph concern Ratio Christi's subjective intentions or desires, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

161.   Defendants admit that some RSOs reserve Campus Green Zone 2 for expressive activities, which may or may not include signs, tents, tables, banners, and inflatables. Defendants deny any remaining allegations in this paragraph.

162.   Defendants admit that defendant Malone asked Ratio Christi to meet with her regarding a space reservation request. Defendants respond further that this is not uncommon following an RSO space reservation request submission and is generally meant to help ensure that the RSO's needs for the proposed event will be accommodated. Defendants deny any remaining allegations in this paragraph.

163.   Defendants deny the allegations in this paragraph.

164.   Defendants deny the allegations in this paragraph.

165.   Defendants deny the allegations in this paragraph.

166.   Defendants admit, based on information and belief, that Ratio Christi held an event in Campus Green Zones 3 and/or 4 in or around February 2016. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

167.   Defendants admit that Exhibit 15 to the Complaint appears to be a copy of an event reservation confirmation for an event to be held on February 22, 2016, by Ratio Christi in Campus Green Zone 4. To the extent the remaining

allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

168.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

169.    Defendants admit that Exhibit 16 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about September 15, 2017. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

170.    Defendants admit that Exhibit 16 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about September 15, 2017. To the extent the remaining allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself.

Defendants deny any allegation that is inconsistent with the written document. To the extent the allegations concern Ratio Christi's subjective intentions or desires, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

171.   Defendants admit that Exhibit 16 to the Complaint appears to be a copy of an event reservation request summary concerning a reservation request submitted by an individual on behalf of Ratio Christi on or about September 15, 2017. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document. To the extent the allegations concern Ratio Christi's subjective intentions or desires, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

172.   The allegations in this paragraph concern Ratio Christi's subjective intentions, desires, or purpose, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and,

therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

173.   The allegations in this paragraph concern Ratio Christi's subjective intentions, knowledge, or purpose, and Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

174.   Defendants admit that Exhibit 17 to the Complaint appears to be a copy of an email exchange between Jonathan Mann of Ratio Christi and Rachel Patti. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document. To the extent the allegations concern Ratio Christi's subjective intentions purpose, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

175.   Defendants admit that Exhibit 17 to the Complaint appears to be a copy of an email exchange between Jonathan Mann of Ratio Christi and Rachel Patti on or about October 10, 2017, in which it is indicated that the location of

Ratio Christi's event was changed to Zones 3/4. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

176.   Defendants admit that Exhibit 17 to the Complaint appears to be a copy of an email exchange between Jonathan Mann of Ratio Christi and Rachel Patti on or about October 10, 2017, in which it is indicated that the location of Ratio Christi's event was changed to Zones 3/4. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is inconsistent with the written document and deny any remaining allegations in this paragraph.

177.   Defendants admit that Exhibit 17 to the Complaint appears to be a copy of an email exchange between Jonathan Mann of Ratio Christi and Rachel Patti on or about October 10, 2017, in which it is indicated that the location of Ratio Christi's event was changed to Zones 3/4. To the extent the allegations in this paragraph paraphrase or quote portions of that document, Defendants respond that the document speaks for itself. Defendants deny any allegation that is

inconsistent with the written document and deny any remaining allegations in this paragraph.

178.    Defendants admit that defendant Patti met with Zachary Bohannon of Ratio Christi on or shortly after October 10, 2017. Defendants deny any remaining allegations in this paragraph.

179.    Defendants admit that, when meeting with Mr. Bohannon, defendant Patti expressed her belief that Campus Green Zone 3/4 is considered a zone for student speech. Defendants deny the remaining allegations in this paragraph.

180.    Defendants deny the allegations in this paragraph.

181.    Defendants deny the allegations in this paragraph.

182.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning what members of Ratio Christi observed and, therefore, deny the same. Defendants deny any remaining allegations in this paragraph.

184.    Defendants deny the allegations in this paragraph.

185.    Defendants deny the allegations in this paragraph.

186.   Defendants admit, based on information and belief, the allegation in this paragraph.

187.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

188.   To the extent the allegations in this paragraph concern Ratio Christi's subjective intentions or desires, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph.

189.   Defendants deny the allegations in this paragraph.

190.   Defendants deny the allegations in this paragraph.

191.   Defendants deny the allegations in this paragraph.

192.   Defendants deny the allegations in this paragraph.

193.   Defendants admit that, in order to reserve space on campus for a meeting or campus event, RSOs must submit a campus event reservation request via KSU's on-line reservation system, or VEMS. Defendants deny that KSU policy prohibits enrolled students or RSOs from speaking spontaneously on campus, including areas which are not part of any Campus Green zone, in reaction to news. Defendants deny any remaining allegations in this paragraph.

194.   Defendants deny the allegations in this paragraph.

195.   Defendants deny the allegations in this paragraph.

196.   Defendants deny the allegations in this paragraph.

197.   Defendants deny the allegations in this paragraph.

198.   Defendants admit, based on information and belief, that the Kennesaw Pride Alliance reserved all zones of the Campus Green for an event held in or around October 2017. Defendants deny any remaining allegations in this paragraph.

199.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

200.   Defendants admit, based on information and belief, that the Kennesaw Pride Alliance reserved all zones of the Campus Green for an event held in or around October 2017. Defendants deny any remaining allegations in this paragraph.

201.   Defendants deny the allegations in this paragraph.

202.   Defendants deny the allegations in this paragraph.

203.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

204.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

205.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

206.   Defendants admit that individual KSU students who are not affiliated with an RSO cannot reserve campus space for meetings and events via the campus reservation system, VEMS. Defendants deny any remaining allegations in this paragraph.

207.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

208.   Defendants admit that individual KSU students who are not affiliated with an RSO cannot reserve campus space for meetings and events via the campus

reservation system, VEMS. Defendants deny any remaining allegations in this paragraph.

209.   Defendants admit that at least 5 currently enrolled KSU students are needed to create a new RSO and that KSU's Registered Student Organization Manual 2017-2018 sets forth additional requirements for the formation of a new RSO. Defendants admit further that individual KSU students who are not affiliated with an RSO cannot reserve campus space for meetings and events via the campus reservation system, VEMS. Defendants deny any remaining allegations in this paragraph.

210.   Defendants admit that individual KSU students who are not affiliated with an RSO cannot reserve campus space for meetings and events via the campus reservation system, VEMS. Defendants deny that KSU's policies prevent an individual student or group of students from promptly sharing views about breaking news with other students on campus and deny any remaining allegations in this paragraph.

211.   Defendants admit that individual KSU students who are not affiliated with an RSO cannot reserve campus space for meetings and events via the campus reservation system, VEMS. Defendants deny that KSU policy prevents students

from speaking spontaneously in reaction to breaking events and deny any remaining allegations in this paragraph.

212.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

213.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

## STATEMENTS OF LAW

214.   Defendants deny the allegations in this paragraph.

215.   Defendants deny the allegations in this paragraph.

216.   Defendants deny the allegations in this paragraph.

217.   Defendants deny the allegations in this paragraph.

218.   Defendants deny the allegations in this paragraph.

219.   Defendants deny the allegations in this paragraph.

220.   Defendants deny the allegations in this paragraph.

221.   Defendants deny the allegations in this paragraph.

222.   Defendants deny the allegations in this paragraph.

223.   Defendants deny the allegations in this paragraph.

FIRST CAUSE OF ACTION

224.    Defendants deny the allegations in this paragraph.

225.    Defendants deny the allegations in this paragraph.

226.    Defendants deny the allegations in this paragraph.

227.    Defendants deny the allegations in this paragraph.

228.    Defendants deny the allegations in this paragraph.

229.    Defendants deny the allegations in this paragraph.

230.    Defendants deny the allegations in this paragraph.

231.    Defendants deny the allegations in this paragraph.

232.    Defendants deny the allegations in this paragraph.

233.    Defendants deny the allegations in this paragraph.

234.    Defendants deny the allegations in this paragraph.

235.    Defendants deny the allegations in this paragraph.

236.    Defendants deny the allegations in this paragraph.

237.    Defendants deny the allegations in this paragraph.

238.    Defendants deny the allegations in this paragraph.

239.    Defendants deny the allegations in this paragraph.

240.    Defendants deny the allegations in this paragraph.

241.    Defendants deny the allegations in this paragraph.

242.   Defendants deny the allegations in this paragraph.

243.   Defendants deny the allegations in this paragraph.

244.   Defendants deny the allegations in this paragraph.

245.   Defendants deny the allegations in this paragraph.

246.   Defendants deny the allegations in this paragraph.

247.   Defendants deny the allegations in this paragraph.

248.   Defendants deny the allegations in this paragraph.

249.   Defendants deny the allegations in this paragraph.

250.   Defendants deny the allegations in this paragraph.

251.   Defendants deny the allegations in this paragraph.

252.   Defendants deny the allegations in this paragraph.

253.   Defendants deny the allegations in this paragraph.

254.   Defendants deny the allegations in this paragraph.

255.   Defendants deny the allegations in this paragraph.

256.   Defendants deny the allegations in this paragraph.

257.   Defendants deny the allegations in this paragraph.

258.   Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION

259.  Defendants deny the allegations in this paragraph.

260.  Defendants deny the allegations in this paragraph.

261.  Defendants deny the allegations in this paragraph.

262.  Defendants deny the allegations in this paragraph.

263.  Defendants deny the allegations in this paragraph.

264.  Defendants deny the allegations in this paragraph.

265.  Defendants deny the allegations in this paragraph.

266.  Defendants deny the allegations in this paragraph.

267.  Defendants deny the allegations in this paragraph.

268.  Defendants deny the allegations in this paragraph.

269.  Defendants deny the allegations in this paragraph.

270.  Defendants deny the allegations in this paragraph.

271.  Defendants deny the allegations in this paragraph.

272.  Defendants deny the allegations in this paragraph.

273.  Defendants deny the allegations in this paragraph.

274.  Defendants deny the allegations in this paragraph.

275.  Defendants deny the allegations in this paragraph.

276.  Defendants deny the allegations in this paragraph.

277.   Defendants deny the allegations in this paragraph.

278.   Defendants deny the allegations in this paragraph.

279.   Defendants deny the allegations in this paragraph.

280.   Defendants deny the allegations in this paragraph.

281.   Defendants deny the allegations in this paragraph.

282.   Defendants deny the allegations in this paragraph.

283.   Defendants deny the allegations in this paragraph.

284.   Defendants deny the allegations in this paragraph.

285.   Defendants deny the allegations in this paragraph.

286.   Defendants deny the allegations in this paragraph.

287.   Defendants deny the allegations in this paragraph.

288.   Defendants deny the allegations in this paragraph.

289.   Defendants deny the allegations in this paragraph.

290.   Defendants deny the allegations in this paragraph.

291.   Defendants deny the allegations in this paragraph.

292.   Defendants deny the allegations in this paragraph.

293.   Defendants deny the allegations in this paragraph.

294.   Defendants deny the allegations in this paragraph.

295.   Defendants deny the allegations in this paragraph.

296.   Defendants deny the allegations in this paragraph.

297.   Defendants deny the allegations in this paragraph.

298.   Defendants deny the allegations in this paragraph.

299.   Defendants deny the allegations in this paragraph.

## **GENERAL DENIAL**

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiffs on all claims, that Plaintiffs take nothing from Defendants, and that Defendants be awarded and Plaintiffs be assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

Christopher M. Carr                112505
Attorney General

Kathleen M. Pacious               558555
Deputy Attorney General

s/ Roger A. Chalmers
Roger A. Chalmers                  118720
Senior Assistant Attorney General

Deborah Nolan Gore                437340
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Deborah Nolan Gore
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: dgore@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing pleading, ANSWER AND DEFENSES, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 19th day of September, 2018.

s/ Roger A. Chalmers